UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON ECHOLS

       Petitioner,　　　　　　　　　CASE NO. 2:09-CV-10049
v.　　　　　　　　　　　　　　　　　　HONORABLE GEORGE C. STEEH
　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE
CAROL HOWES　　　　　　　　　　　　HONORABLE R. STEVEN WHALEN
　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE
       Respondent.
_____/

Nicholas J. Bachand　　　　　　　　　MICHAEL A. COX
Peter J. Lucido P.C.　　　　　　　　　ATTORNEY GENERAL
39999 Garfield Road
Clinton Township, MI 48038　　　　　Andrew L. Shirvell (P70472)
　　　　　　　　　　　　　　　　　　　 Assistant Attorney General
　　　　　　　　　　　　　　　　　　　 Attorney for Respondent
　　　　　　　　　　　　　　　　　　　 Appellate Division
　　　　　　　　　　　　　　　　　　　 P.O. Box 30217
　　　　　　　　　　　　　　　　　　　 Lansing, MI 48909
　　　　　　　　　　　　　　　　　　　 (517) 373-4875

**MOTION TO DISMISS HABEAS PETITION**
**AND BRIEF IN SUPPORT**

**MOTION TO DISMISS**

     Respondent Carol Howes, through her attorneys, Michael A. Cox, Attorney General for the State of Michigan, and Andrew L. Shirvell, Assistant Attorney General, moves for dismissal of Petitioner's habeas corpus petition, pursuant to Habeas Corpus Rule 4.

## **BRIEF IN SUPPORT OF MOTION TO DISMISS PETITION**

### **Relevant Facts and Procedural History**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted on September 27, 2002 of assault with intent to commit murder,[1] felon in possession of a firearm,[2] and felony firearm.[3] On January 22, 2003, Petitioner was sentenced as a third habitual offender to 10-to-30 years' imprisonment on the assault conviction and to a mandatory consecutive 2-year term of imprisonment on the felony-firearm conviction. It is not clear from the record whether Petitioner was actually sentenced on his felon-in-possession-of-a-firearm conviction.

In March 2003, Petitioner, via counsel, filed a motion for new trial with the Wayne County Circuit Court, raising two issues. On or about October 10, 2003, the Wayne County Circuit Court issued an order denying Petitioner's motion for new trial.

Over two years later, on November 18, 2005, Petitioner, apparently through counsel, filed with the Wayne County Circuit Court a motion for relief from judgment under M.C.R. 6.508(D), in which he raised three issues. In an order dated June 14, 2006, the Wayne County Circuit Court denied Petitioner's motion for relief from judgment.[4]

In February 2007, Petitioner replaced his attorney Linda Ashford with current counsel, James Czarnecki, II. In June 2007, Petitioner, through counsel, filed with the Michigan Court of Appeals a delayed application for leave to appeal the Circuit Court's order denying Petitioner's motion for relief from judgment. On August 20, 2007, the Michigan Court of Appeals issued an order denying Petitioner's delayed application for leave to appeal because Petitioner had "failed

---

[1] Mich. Comp. Laws § 750.83.
[2] Mich. Comp. Laws § 750.224f.
[3] Mich. Comp. Laws § 750.227b.
[4] *People v. Echols*, Wayne County Circuit Court No. 02-3076 (2006).

2

to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."[5] In October 2007, Petitioner, again via counsel, filed with the Michigan Supreme Court an application for leave to appeal the Court of Appeals' August 20, 2007 order. On January 8, 2008, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because Petitioner had "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)."[6]

On January 7, 2009, Petitioner, pursuant to 28 U.S.C. § 2254, filed a habeas petition and brief through counsel. He raises two claims in his brief.

---

[5] *People v. Echols*, Michigan Court of Appeals No. 278675 (2007).
[6] *People v. Echols*, Michigan Supreme Court No. 135042 (2008).

**Argument**

I.  **Where the undisputed facts show that more than one year elapsed on the applicable limitations period before the filing of Petitioner's habeas petition, Petitioner's habeas petition should be dismissed based on Petitioner's failure to comply with the statute of limitations.**

In his habeas petition, Petitioner presents two claims for this Court to review. Respondent asserts that it is not necessary for this Court to reach the merits of the issues presented because Petitioner has failed to comply with the statute of limitations, and, therefore, his petition must be dismissed.

Pursuant to Habeas Corpus Rule 4 regarding preliminary review of a habeas petition, "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In this case, it is plainly apparent from Petitioner's habeas petition that he is not entitled to relief in this Court. The federal habeas corpus statute, 28 U.S.C. § 2244(d) (as amended by the AEDPA, which was signed into law on April 24, 1996), states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Thus, as outlined above, 28 U.S.C. § 2244(d), which governs the timeframe for filing a federal habeas petition, applies to Petitioner. To begin with, § 2244(d)(1)(B), (C), and (D) are not applicable to Petitioner's case since he does not allege in his habeas petition that the State created an impediment to filing the petition, and he does not rely on any new constitutional rule or on any newly discovered factual predicate concerning his habeas claims. Consequently, the timeframe for filing a habeas petition as described under § 2244(d)(1)(A) concerns Petitioner's case.

Under § 2244(d)(1)(A), the one-year statute of limitations for filing a habeas petition begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner did not appeal his convictions to the Michigan Court of Appeals or seek leave to appeal with the Michigan Supreme Court via a direct appeal. Therefore, under M.C.R. 7.205(F), his convictions became final on January 22, 2004 – one year after Petitioner's sentencing date.

Petitioner had until January 22, 2005 to file his habeas petition with this Court, or to instead properly file an application for State post-conviction review, which would toll the one-year statute of limitations period. Petitioner did not choose to seek collateral review of his convictions until November 18, 2005, which was approximately ten months after the habeas limitations period had expired. Consequently, the habeas statute of limitations period clearly had expired before Petitioner filed his motion for relief from judgment with the Wayne County Circuit Court, and the filing of the motion did not re-set the statute of limitations. Thus, because

5

Petitioner has failed to comply with the statute of limitations, the petition should be dismissed unless equitable tolling applies.

A court determines whether to equitably toll AEDPA's statute of limitations using the five-factor test set forth in *Andrews v. Orr*.[7]  A court considers:  (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.[8]  The petitioner bears the burden of demonstrating that he is entitled to equitable tolling,[9] and equitable tolling should only be granted "sparingly."[10]  Absent compelling equitable considerations, a court should not extend the limitations period by even a single day.[11]

Petitioner is not entitled to equitable tolling in this case.  Petitioner has failed to establish that he lacked notice, constructive or otherwise, of the filing requirement, or that his lack of notice or ignorance was reasonable, and has failed to show that he diligently pursued his rights.  Regarding prejudice to Respondent, the United States Sixth Circuit Court of Appeals has held that the "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."[12]  Because Petitioner has failed to demonstrate the existence of a factor that would justify tolling in this case, any alleged lack of prejudice to Respondent may not be

---

[7] *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988); See *Dunlap v. United States of America*, 250 F.3d 1001, 1010 (6th Cir. 2001).
[8] *Dunlap,* 250 F.3d at 1008.
[9] *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).
[10] *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).
[11] *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*, 209 F.3d 552, 561 (6th Cir. 2000).
[12] *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004), citing *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003).

considered. Consequently, Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations under any of the factors set out in *Andrews*.

In *Souter v. Jones*, the Sixth Circuit recognized that actual innocence is a valid ground upon which a petitioner might avoid the bar of the statute of limitations in § 2444(d)(l).[13] However, to avail himself of that rule, a petitioner must establish actual innocence under the stringent rule of *Schlup v. Delo* by coming forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial,"[14] and which shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."[15] Here, Petitioner makes no such showing. Therefore, Petitioner cannot avoid the bar of the statute of limitations in § 2444(d)(l) because he is not actually innocent of the crimes for which he has been convicted.

Respondent respectfully asks this Court to dismiss the habeas petition because of Petitioner's failure to comply with the statute of limitations.

---

[13] *Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005).
[14] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).
[15] *Schlup*, 513 U.S. at 327.

## Conclusion

For the reasons stated above, the petition should be denied.

          Respectfully submitted,
          Michael A. Cox
          Attorney General

          s/Andrew L. Shirvell

          Andrew L. Shirvell
          Assistant Attorney General
          Appellate Division
          P.O. Box 30217
          Lansing, MI  48909
          shirvella@michigan.gov
          P70472

Dated:  July 15, 2009
20090003621A/Echols, Devon/EcholsMotToDismiss

## Certificate of Service

I hereby certify that on July 15, 2009, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

      HONORABLE GEORGE C. STEEH
      MAGISTRATE JUDGE R. STEVEN WHALEN
      NICHOLAS J. BACHAND, ATTORNEY FOR PETITIONER

                MICHAEL A. COX
                Attorney General

                <u>s/Andrew L. Shirvell</u>

                Assistant Attorney General
                Appellate Division
                P.O. Box 30217
                Lansing, MI  48909
                shirvella@michigan.gov
                P70472