UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON ECHOLS,

        Petitioner,

                              CASE NO. 2:09-CV-10049
v.                          HONORABLE GEORGE CARAM STEEH

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I. Introduction**

     Michigan prisoner Devon Echols ("Petitioner"), through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced as a third habitual offender to consecutive terms of 10 to 30 years imprisonment and two years imprisonment in 2003. In his pleadings, Petitioner raises claims concerning the admission of identification evidence and the effectiveness of trial counsel.

      This matter is before the Court on Respondent's motion to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. For the

reasons stated herein, the Court grants Respondent's motion and dismisses with prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

## II. Facts and Procedural History

Petitioner's convictions arise from the shooting of LyShae Young during the early morning hours on February 10, 2002 in Detroit, Michigan. Mr. Young identified Petitioner as the perpetrator of the shooting. On September 27, 2002, Petitioner was convicted of assault with intent to commit murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. On January 22, 2003, the trial court sentenced him as a third habitual offender to consecutive terms of 10 to 30 years imprisonment and two years imprisonment on those convictions. In March, 2003, Petitioner, through counsel, filed a motion for new trial with the trial court raising two issues, which was denied in October, 2003. Petitioner did not pursue a direct appeal of his convictions in the state courts.

On November 18, 2005, Petitioner filed a motion for relief from judgment with the state trial court raising three issues: (1) trial counsel was ineffective for failing to present an alibi witness, (2) the trial court erred in refusing to suppress tainted identification evidence, and (3) the trial court erred in refusing to provide a requested jury instruction on identification. The trial court denied the motion. *See People v. Echols*, No. 02-3076 (Wayne Co. Cir. Ct. June 14, 2006). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *See People v. Echols*, No. 278675 (Mich. Ct. App. Aug. 20, 2007). Petitioner then

filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *See People v. Echols*, 480 Mich. 1010, 743 N.W.2d 30 (Jan. 8, 2008).

Petitioner, through counsel, filed his federal habeas petition on January 7, 2009. He raises the following claims as grounds for relief:

> I.   The identification evidence used at trial against Petitioner violated Petitioner's right to due process of law.
>
> II.  Petitioner was denied his right to the effective assistance of counsel and to a fair trial through trial counsel's failure to present Lona Brown's testimony in support of his alibi defense.

Respondent filed the instant motion on July 15, 2009 contending that the petition is untimely and should be dismissed. Neither Petitioner nor his counsel have filed a reply to the motion.

### III. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Petitioner was sentenced on January 22, 2003 and did not pursue a direct appeal of his convictions in the Michigan appellate courts. His convictions therefore became final, at the latest, on January 22, 2004, when the time for filing a late application for leave to appeal with the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(F). Accordingly, Petitioner was required to file his federal habeas petition on or before January 22, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on November 18, 2005. Thus, the one-year limitations period expired before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256,

1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant federal habeas corpus relief. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure

to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In this case, Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings or this habeas action after the expiration of the one-year limitations period. The fact that he is untrained in the law, may have been proceeding without a lawyer at times, or may have been unaware of the statute of limitations for a certain amount of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap, supra.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  He is thus not entitled to equitable tolling of the one-year period and his petition must be dismissed.

### IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims.  Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling that the petition is untimely and cannot be saved by the doctrine of equitable tolling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: September 1, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk