UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON ECHOLS,

          Petitioner,

                                        CASE NO. 2:09-CV-10049
v.                                     HONORABLE GEORGE CARAM STEEH

CAROL HOWES,

          Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's September 1, 2009 opinion and order granting Respondent's motion for summary judgment and dismissing the petition for a writ of habeas corpus on statute of limitations grounds. Petitioner's motion must be denied. A motion for reconsideration must be filed within 10 days after entry of the judgment, *see* Fed. R. Civ. P. 59(e); E.D. Mich. L. R. 7.1(g)(1), and district courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *See* Fed. R. Civ. P. 6(b); *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F.3d 678, 682 (6th Cir. 1999); *see also Peters v. Abramajtys*, 2000 WL 1872038, *1 (6th Cir. Dec. 14, 2000) (citing *Rhoden v. Campbell*, 153 F.3d 773, 773 (6th Cir. 1998); *Erickson's Flooring & Supply Co., Inc. v. Basic Coatings, Inc.*, No. 04-74990, 2008 WL 2858774, *3 (E.D. Mich. July 23, 2008). Petitioner did not file his motion within 10 days after

entry of the Court's judgment.  His motion is therefore untimely and must be denied.[1]

Furthermore, the Court notes that neither Petitioner nor his counsel filed a reply to Respondent's motion to dismiss the habeas petition as untimely.  Parties generally waive issues in district court when they are raised for the first time in motions for reconsideration or in reply briefs.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("It is well established ... that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment.").  A tolling argument cannot be raised for the first time in a motion for reconsideration.  *Carter v. Washington Metro. Area Transit Auth.*, 503 F.3d 143, 145, n. 2 (D.C. Cir. 2007); *Corrigan v. United States*, 223 Fed. Appx. 968, 971 (Fed. Cir. 2007); *Landrau-Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000).  Petitioner or his counsel should have presented his arguments for tolling the one-year period by filing a reply to Respondent's motion to dismiss.  Those arguments cannot be belatedly raised in a request for reconsideration.

Moreover, even if the Court were to construe Petitioner's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief.  Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

---

[1] The Court previously granted Petitioner's motion for extension of time to respond to the Court's opinion and order.  That order, however, specifically extended Petitioner's time for filing a notice of appeal and related documents.  It did not extend the time for seeking reconsideration.

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

Petitioner has made no such showing.  Even if Petitioner's appellate counsel had problems obtaining transcripts[2] or otherwise failed to timely file a direct appeal in the state courts, Petitioner has not established that such matters prevented him from pursuing relief from judgment in the state courts or seeking federal habeas relief within the relevant one-year period. *See Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, *4 (E.D. Mich. Dec. 7, 2007) ("The alleged failures of the state trial court and/or appellate counsel simply did not impair Petitioner's ability to pursue collateral relief in the state court or habeas relief in federal court in a timely fashion.").  Petitioner had one year from when his convictions became final in January, 2004 to file a federal habeas petition (or to seek collateral review in the state courts thereby tolling the one-year limitations period), but he failed to do so.  Petitioner has not shown that he is entitled to relief from judgment in this case.  His motion is therefore DENIED.

**IT IS SO ORDERED**.

Dated:  November 16, 2009

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

[2]The state court docket sheet indicates that a transcript was filed on February 5, 2004.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 16, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk