UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON ECHOLS,

        Petitioner,

                                          CASE NO. 2:09-CV-10049
v.                                       HONORABLE GEORGE CARAM STEEH

CAROL HOWES,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(b)

This matter is before the Court on Petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b) concerning the Court's September 1, 2009 opinion and order granting Respondent's motion for summary judgment and dismissing the petition for a writ of habeas corpus on statute of limitations grounds.  Petitioner previously filed a motion for reconsideration, which this Court denied as untimely on November 16, 2009.  In that order, however, the Court also denied relief because Petitioner and his counsel waived their responsive arguments, *i.e.*, for equitable tolling of the one-year limitations period, by failing to file a reply to Respondent's motion to dismiss the habeas petition as untimely.  *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("It is well established ... that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment.").  A tolling argument cannot be raised for the first time upon reconsideration.  *Carter v. Washington Metro. Area Transit Auth.*, 503 F.3d 143, 145, n. 2 (D.C.

1

Cir. 2007); *Corrigan v. United States*, 223 Fed. Appx. 968, 971 (Fed. Cir. 2007); *Landrau-Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000). The same holds true at this time as to the present motion. Petitioner asserts that counsel was negligent or grossly negligent in failing to contest the State's motion. However, any such failures by counsel do not warrant equitable tolling or relief from judgment in this case. It is well-settled that there is no constitutional right to counsel in post-conviction proceedings such that a habeas petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005) (alleged ineffective assistance of counsel could not establish cause to excuse procedural default in post-conviction proceedings because there is no right to counsel in such proceedings); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases).

Additionally, in denying reconsideration, the Court alternatively construed Petitioner's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b) and denied him relief. The Court finds no reason to reconsider that decision. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local

Rule 7.1(g)(3).

Furthermore, a district court may grant relief from a final judgment or order under Rule 60(b) only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Petitioner has made no such showing. Even if Petitioner's appellate counsel had problems obtaining transcripts[1] or otherwise failed to timely file a direct appeal in the state courts, Petitioner has not established that such matters prevented him from pursuing relief from judgment in the state courts or seeking federal habeas relief within the relevant one-year period. *See Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, *4 (E.D. Mich. Dec. 7, 2007) ("The alleged failures of the state trial court and/or appellate counsel simply did not impair Petitioner's ability to pursue collateral relief in the state court or habeas relief in federal court in a timely fashion."). Petitioner had one year from when his convictions became final in January, 2004 to file a federal habeas petition (or to seek collateral review in the state courts thereby tolling the one-year limitations period), but he failed to do so. Petitioner has not shown that he is entitled to relief from judgment in this case.

---

[1] The state court docket sheet indicates that a transcript was filed on February 5, 2004. Petitioner did not file his state court motion for relief from judgment until November 18, 2005.

His motion is therefore DENIED.  This case is closed.

**IT IS SO ORDERED**.

Dated:  December 14, 2009

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 14, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---